## WADDILL *vs.* ALA. & TENN. RIVERS RAILROAD COMPANY.

[ACTION ON BILL OF EXCHANGE AND COMMON MONEY COUNTS.]

1. *When action for money had and received lies against agent.*—If a bill of exchange is drawn, endorsed and accepted by some of the trustees of a private corporation, for the purpose of raising money to pay a debt incurred by them for its benefit; and is negotiated by a railroad company, without authority under its charter; and the money is expended in paying the debt incurred by the parties,—the railroad company may maintain an action for money had and received against the drawer, although no recovery could be had on the bill of exchange.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

THIS action was brought by the appellee, a domestic corporation, against William Waddill, and was founded on a bill of exchange for $1,000, drawn by the defendant

on one Abner Jones, dated the 5th March, 1853, payable on the 1st January, 1854, to William E. Byrd, and endorsed by said Byrd, D. Fair, and Geo. P. Blevins; the common money counts being also added in the complaint. The defendant filed five pleas, as follows: 1st, *non assumpsit;* 2d, " that said bill of exchange was drawn by defendant for the accommodation of the Central Masonic Institute, a body corporate, and was negotiated by said corporation to plaintiff for a loan of $1,000, and that plaintiff had no authority by the terms of its charter to negotiate bills of exchange, and that said bill of exchange is void in law;" 3d, "that plaintiff is a body corporate under an act of the legislature of Alabama, and has no authority under its charter to loan money, and that the claim upon which this suit is founded was for money loaned;" 4th, "that said bill of exchange was drawn by defendant for the accommodation of the Central Masonic Institute, a body corporate who is not a party to said bill, and was negotiated to plaintiff by said Central Masonic Institute for the loan of $1,000, and that defendant was, as such accommodation drawer, entitled to notice and protest upon said bill of exchange;" and, 5th, payment.

"On the trial," as the bill of exceptions states, "the court having overruled demurrers to the defendant's special pleas, the plaintiff proceeded to trial on the common counts, and read in evidence the bill of exchange described in the complaint. The defendant then introduced A. M. Goodwin as a witness, who testified as follows: 'Witness was the plaintiff's secretary at the time said bill of exchange was negotiated, and William S. Phillips was president. Before said bill was negotiated, Abner Jones, William E. Byrd, the defendant and others, who were trustees of the Central Masonic Institute, a body corporate, applied to said Phillips, to know if they could borrow $1,000 from said plaintiff; and Phillips replied, that they could have the money if they would make a good piece of paper. Under this arrangement, the said bill of exchange was afterwards presented at the plaintiff's office, and was taken by the plaintiff; the money being paid over to Abner Jones, the acceptor of the bill. Witness

understood, from the parties negotiating said bill, that some of the trustees of the Central Masonic Institute, including the defendant, had borrowed money for its benefit from Walker & Lewis, of Mobile, and that the money was wanted for the purpose of paying said debt. Witness did not know whether or not defendant was on the paper to Walker & Lewis, but understood that he was. Said bill was not paid at maturity, and was not protested, because some of the parties to it requested that it should not be protested; but witness did not recollect that the defendant made such request.' Abner Jones was then called as a witness, and testified as follows: ' The drawer, acceptor and endorsers of said bill, with others, were trustees of said Central Masonic Institute, a body corporate. Some time before the negotiation of said bill, some of said trustees had borrowed about $2,400 for its benefit from Walker & Lewis, of Mobile; and witness, with William E. Byrd, William M. Murphy and the defendant, applied to said Wm. S. Phillips for the loan of $1,000, to assist them in paying said debt. Phillips replied, that the money could be had if they would make a good piece of paper. Afterwards, said bill of exchange was made, and presented at plaintiff's office for discount; and the same was discounted, and the money paid over to witness, who forwarded it to said Walker & Lewis in payment of said debt. Witness did not recollect whether or not defendant was on the paper to Walker & Lewis, but he was an active member of said board of trustees. Witness knew that defendant got no part of the money thus borrowed from the railroad, except that it was obtained and paid to said Walker & Lewis by his consent and direction.' The act incorporating the Alabama and Tennessee Rivers Railroad Company was also read to the jury; and it was agreed that said act, as found in the Pamphlet Acts of 1847–8, may be referred to, and taken as part of this bill of exceptions.

" Upon this state of facts, (it being all the testimony in the cause,) the court charged the jury, that the plaintiff was an incorporated company, and, by the terms of its charter, had no power to loan money, or negotiate bills

of exchange; and that if the jury believed that the bill of exchange was negotiated to the plaintiff, the bill was void, and the plaintiff could not recover upon it. The court also charged the jury, that if the defendant and others went to the plaintiff, and got its money, they were legally, morally and equitably bound to pay it back, and the plaintiff could recover on the common counts; and further, that if the money was obtained by any one authorized by the defendant, and was applied to his use, or went to pay a debt on which he was originally bound, then the plaintiff was entitled to recover on the common counts, and it made no difference that the bill was not protested. The defendant excepted to all that part of the charge which instructed the jury that the plaintiff could recover on the common counts, and that the bill need not be protested in such case; and then asked the court to instruct the jury, 'that if they believed the money handed to Jones by the plaintiff's secretary, and for which the bill of exchange was passed, went to pay a debt of the Central Masonic Institute, or was expended for its benefit, then the defendant is not liable on the common counts.' The court refused to give this charge, and the defendant excepted."

The charge given by the court, and the refusal of the charge asked, are now assigned as error.

ALEX. & JNO. WHITE, with JONA. HARALSON, for appellant, cited the following cases: City Council of Montgomery v. M. & W. P. Plank-Road Co., 31 Ala. 76; Lacy v. Hart, 12 Geo. 422; Crow v. Boyd, 17 Ala. 51; Brent & Horsey v. Davis & Terry, 9 Md. 217.

BYRD & MORGAN, contra, cited Upchurch v. Nosworthy, 15 Ala. 705; Hitchcock v. Lukens, 8 Porter, 334; Harwood v. Humes, 9 Ala. 695; Angell on Corporations, 271, § 265.

STONE, J.—It is conceded in argument by the counsel both of appellant and appellee, that the defendant corporation had no authority to lend its money, or to em-

ploy its funds in the purchase of a bill of exchange, as an independent business transaction. This being assumed as a fact, (see Harwood v. Humes, 9 Ala. 659 ; Drake v. Flewellen, 33 Ala. 106,) it must follow as a necessary sequence, that the president of the railroad had, as such, no authority to make a loan of such funds. If, then, Mr. Waddill, at his own instance, had the use and benefit of funds belonging to the railroad company in the payment of a debt for which he was bound, the law, at the instance of the railroad, will imply a promise on his part to repay the money. The questions seem to have been fairly presented to the jury in the charge of the court, and we think no error was committed of which the appellant can complain.—Upchurch v. Nosworthy, 15 Ala. 705.

The judgment is affirmed.

A. J. WALKER, C. J., not sitting.