## MAYFIELD REESE v. BOARD OF POLICE LEE COUNTY.

1. DONATION.—Where R. donated ten acres of land, in Tupelo, to the county of Lee, as an inducement to the selection of Tupelo as the county seat; provided, that it was chosen by the electors; and that place was so chosen, and a bill filed for specific performance. *Held:* That it was not error to decree a specific performance.

Appeal from the Chancery court of Lee county. Hon. O. H. WHITFIELD, Chancellor.

The facts in this case appear sufficiently in the opinion of the court.

*Sale & Dowd,* for appellant, filed an elaborate brief.

*Green & Pickens,* for appellees.

This case has been before this court before, and was determined in favor of the appellee, upon the identical objections that are now raised against the decree.

We think this conclusive of all the assignments of error.

See, also, Acts of the Legislature of 1866, page 32, section 4, organizing Lee county. This section authorizes the board of "police" to acquire, by *donation or purchase,* any *quantity of land,* for the use of the county.

As to the general jurisdiction of the boards of police, on court house questions, we refer the court to, Odeneal, Prest., v. Barry *et al.,* 24 Miss. R., page 9; Monet v. Jones, 10 S. & M., 243.

TARBELL, J., delivered the opinion of the court:

An election was pending in Lee county, for the location of the court-house, and other county buildings. There were several rival localities, and among others, Tupelo. As an inducement for the selection of Tupelo, the appellant executed to the board of police his bond, in writing, donating to the use of the county, ten acres of land in Tupelo, provided that place should be chosen by the electors. Tupelo was successful, but Mr. Reese, for reasons given, declined to

complete his promise. Hence, a bill for specific perform-
ance. A demurrer thereto was sustained, and a writ of
error was prosecuted to the high court of errors and ap-
peals. In reversing the decree of the court below, our pre-
decessors declared the law upon the whole case. The cause
being remanded, there was an answer, which was made a
cross-bill, and answer thereto, and testimony, upon which,
on final hearing, there was a decree for specific performance,
and hence another appeal. It is assigned for error, only,
that the court erred in its decree. Referring to the deter-
mination of this case by our predecessors, as settling
the law governing it: Laws of Miss., 1866, p. 32, § 4;
act creating Lee county; 24 Miss., 9; Code 1867, art. 20,
p. 417; ib., art. 34, p. 419; 23 Miss., 548; 10 S. & M., 237;
Const. 1857, § 20, art. 4; Const. 1865, § 20, art. 4; Const.
1870, § 20, art. 6; Code of 1871, art. 4, p. 273; ib., § 1367;
the decree appealed from is affirmed, and the cause re-
manded for further proceedings, in accordance therewith.