[Marion Savings Bank v. Dunkin.]

# Marion Savings Bank *v*. Dunkin.

### Action on Bill of Exchange.

1. *Corporate existence; when party not estopped from denying.*—One dealing with a corporation in matters not falling within the purview of its delegated powers, is not thereby estopped from pleading its want of authority, to make the contract sought to be enforced against him.

2. *Same; when is estopped.*—Where, however, the contract is within the delegated powers, one who has dealt with it in its corporate character, is in general, estopped from setting up its want of complete organization, according to the provisions of its charter, to defeat the corporation in the enforcement of the contract he has made with it.

3. *Same; what not such dealing with corporation as will estop party from setting up incomplete organization.*—The accommodation drawer of a bill of exchange, which was discounted by a bank, by the acceptor who procured it to raise money for his own use in that way—the drawer not being aware of this and not being present or participating in the negotiations—is not thereby estopped from denying the proper organization of the banking corporation, when sued by it on the bill.

4. *Free banking corporation; what sufficient organization of.*—Under the provisions of the Revised Code (Part 2, Title 1, Chapter 1, §§ 1644 *et seq.*) as amended by the act of 1868, "supplementary to the corporation laws of Alabama," a corporation is sufficiently organized to carry on the business of a bank of discount and deposit and loaning money, when the certificate of the associates (properly acknowledged and recorded) for the purpose of carrying on such banking business, shows the name selected by the associates; the town where its business is to be conducted; the amount of capital stock (within the limits prescribed) and the number of shares into which it is divided; the name and place of residence of the stockholders; the shares held by them respectively, and the time when the association is to begin and terminate.

5. *Same.*—The association not claiming the right to issue or circulate its own notes, no deposit of money and transfer of stock to the auditor (under §§ 1644 and 1646 of the Revised Code,) is necessary to authorize it to carry on other banking business.

APPEAL from Circuit Court of Perry.

Tried before Hon. G. H. CRAIG.

The "Marion Savings Bank," an association organized under the provisions of the Code upon free banking, (Part 2, Title 1, Chap. 1, §§ 1644 *et seq.* as amended,) commenced this suit against the appellee to recover the amount of a bill of exchange, dated November 10th, 1873, drawn by him on and accepted by John Walthall, and payable to T. M. Walthall sixty days thereafter at the Marion Savings Bank, and by him endorsed to plaintiff.

Among other defenses set up, Dunkin pleaded that the Marion Savings Bank "never was a company incorporated under the laws of Alabama, and has no right in law to sue as such."

The bill was put in evidence, together with proof that the

parties had waived protest and notice, and the testimony introduced showed that it was made under the following circumstances. John Walthall, the acceptor, being desirous to borrow money, made application to the cashier of the bank, who informed him that the bank would furnish the money upon satisfactory security. Walthall afterwards returned with the bill sued on, and the cashier discounted it according to instructions. Dunkin was not present at these negotiations, and had no part whatever in them, nor did he know when he drew the bill that it was intended to discount it at that bank.

The plaintiff then read in evidence the certificate of the associates, together with their articles of association, and showed by the records of the probate court of Perry county, where the bank did business, that said certificate was properly acknowledged and recorded.

The certificate and articles of association showed that the association was formed for the purpose of carrying on a bank of "discount and deposit, upon the terms and conditions, and exercising the powers and subject to all the liabilities prescribed by the laws of Alabama—it being the object of the association to carry on the business of banking, by discounting bills and notes, receiving deposits and issuing certificates for the same, buying and selling gold and silver bullion, and foreign coin and bills of exchange, by lending money upon real and personal security, and by exercising such incidental powers as are necessary to carry on the business."

The certificate showed, 2d, that the "Marion Savings Bank" was the name selected to distinguish the association and to be used in its dealings; 3d, that its operations were to be carried on in the town of Marion, in Perry county, Alabama; 4th, that its capital stock was $100,000, divided into a thousand shares; 5th, the names and places of residence of the stockholders, and the number of shares held by each respectively; 6th, that the association would commence business on the first day of April, 1872, and continue twenty years from its date.

The plaintiff also introduced the minutes of the proceedings of the company, showing a stockholder's meeting, the election of a president, cashier and other necessary officers, who accepted, on the 21st day of February, 1872. The evidence showed that the bank was located and did business as stated in the certificate.

This being all the evidence, the court charged the jury, in substance, that under the evidence the plaintiff had never been a legally incorporated company and could not maintain the suit. The court refused charges requested by the plain-

tiff in writing, asserting a contrary view; also a charge as follows: "If defendant has contracted with this corporation and dealt with it as a corporation, and agreed in writing to pay this bill, the jury must find for the plaintiff for the amount loaned, less any usury."

In consequence of these rulings, plaintiff took a nonsuit, with bill of exceptions, &c.

The charge given and the refusal to charge as requested, are now assigned as error. ·

W. M. BROOKS, for appellant.

L. N. WALTHALL and T. H. WATTS, contra.

STONE, J.—In the case of the *Pennsylvania Railroad Company v. Canal Commissioners*, 21 Penn. State Rep. 22, Chief Justice BLACK, delivering the opinion of the court, said: "When the State means to clothe a corporate body with a portion of her own sovereignty, and to disarm herself to that extent of the powers that belong to her, it is so easy to say so that we will never believe it to be meant when it is not said." Speaking further of the rule of construing powers of a corporation, he said: "In the construction of a charter, to be in doubt is to be resolved; and every resolution which springs from doubt is against the corporation."

In the case of *Grand Lodge of Alabama v. Waddill*, 36 Ala. 318, we quoted this language approvingly. Substantially the same idea was expressed in the following cases: *State v. Stebbins*, 1 Stew. 308; *State v. Mayor & Aldermen of Mobile*, 5 Por. 279; *Mayor & Aldermen · v. Allaire*, 14 Ala. 400; *Ex parte Burnett*, 30 Ala. 461. In the case of *City Council of Montgomery v. M. & W. Plank-road Company*, 31 Ala. 76, we affirmed the above principle, and went a step further, holding that a party dealing with a corporation in a matter not within the purview of its delegated powers, does not thereby estop himself from setting up in defense, the want of authority in the corporation to make the contract. The same doctrine was affirmed in the case of *Grand Lodge v. Waddill*, *supra*. In such case the doctrine of estoppel can not be held to apply, without clothing corporations with the ability to increase their powers indefinitely, by sheer usurpation. Such contracts, on the part of a corporation, are *ultra vires* and void; and no right of action can spring out of them.

When, however, the contract is within the delegated powers of the corporation, and the question is whether the corporation has been duly and completely organized according to the provisions of its charter, a very different rule is applied.

[Marion Savings Bank v. Dunkin.]

Parties who deal with such corporation in its corporate capacity, thereby, as a general rule, estop themselves from denying due organization when sued on such contract.—*White v. Ross*, 15 Abb. Pr. Rep. 66; *White v. Coventry*, 29 Barbour, 305; *Montgomery Railroad Company v. Hurst*, 9 Ala. 513.

We are not prepared to say, however, that the present defendant is estopped by any thing appearing in this record, from setting up the defense of want of proper organization of the Marion Savings Bank according to the requirements of the law, if such want really exists. He is not the party who made the contract, if one was made, with the Marion Savings Bank. The proof shows that the acceptor of the bill applied to the bank for a loan of money, and tendered as security, or for discount, a paper in form of a bill of exchange, drawn by defendant on and accepted by him, the party tendering, and endorsed by another. This was enough to charge the bank with notice that the defendant was accommodation drawer.—*Saltmarsh v. P. & M. Bank*, 14 Ala. 668. The present defendant, not being present at, nor participating in the negotiation, so far as we are informed, we can not know or affirm that he authorized the acceptor to borrow money upon it from the plaintiff, or that he knew such use was to be made of it. Hence, we can not say that the defendant, by any act of his, recognized the plaintiff as a corporation, or estopped himself from disputing it. We speak of the facts as the record tends to show they were made to appear in the court below.

The Revised Code, Part 2, Title 1, Chapter 1, § 1644 *et seq.*, relates to free banking corporations, and provides for their incorporation under a general law. This general law was changed and amended by the act "supplementary to the corporation laws of Alabama."—Pamph. Acts, 1868, p. 349. In the proceedings to incorporate the Marion Savings Bank, there seems to have been a strict compliance with the law, except that the associates did not propose to become a bank of issue, or to issue or put in circulation any of their own notes. Hence, they made no deposit of money with the treasurer, under section 1644, and transferred to the comptroller [auditor] no United States stocks, or bonds issued or endorsed by the State of Alabama, under section 1646 of the Revised Code. The powers they sought to obtain, and the only banking powers they seem to have exercised, are those enumerated in section 1655 of the Revised Code. The argument is made, that by failing to comply with sections 1644 and 1646 *supra,* the associates did not organize their corporation according to law, and that such pretended corporation had no authority to contract, and has no authority to sue.

[Edwards and Wife v. Bibb et al.]

The associates, as shown in the record, conformed strictly and fully to sections 1652, 3, 4, Revised Code, as amended by the act of 18th November, 1868. These proceedings were all made matter of record. Nothing else is required to be recorded, in order to perfect incorporation. An inquirer, then, into the authority of the banking corporation to conduct the business of banking, would find on the records all the evidence which such records could show of complete incorporation. We think such incorporation, without more, authorized the bank to do and perform all the banking powers enumerated in section 1655 Revised Code; and all other powers conferred by said Chapter 1, except the power to issue and circulate its own notes as money. Before they could be authorized to exercise the power of issue and circulation, under section 1648, the associates must have made the deposit required by section 1644, and must have made the transfer required by section 1646 of the Revised Code.

The rulings of the circuit court were in direct conflict with these principles.

The judgment of the circuit court is reversed, the nonsuit set aside, and the cause remanded.