# Sherwood *v.* Alvis.

*Statutory Action in nature of Ejectment.*

1. *Estoppel by contract with corporation.*—A contract made by or with a corporation, if *ultra vires*, can not be enforced, and the other party is not estopped from setting up its invalidity; but, if the contract is not *ultra vires*, he is estopped from disputing the regular and complete organization of the corporation.

2. *Contract with foreign corporation, not having resident agent, or known place of business.*—The constitutional provision which declares that no foreign corporation "shall do any business in this State, without having at least one known place of business and an authorized agent or agents therein" (Art. xiv, § 4), does not render void a contract made by a corporation which has not complied with its terms; and the other party to the contract, having received the benefits, can not be heard to question the capacity of the corporation, on this account, to make it.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by James K. O. Sherwood, against John P. Alvis and others, to recover the possession of a quarter-section of land particularly described in the complaint, with damages for its detention; and was commenced on the 6th October, 1887. The plaintiff claimed the land as the purchaser at a sale under a mortgage executed by said John P. Alvis to the "New England Mortgage Security Company," a foreign corporation organized under the laws of

Connecticut; the conveyance to him as purchaser being executed by B. K. Collier, as attorney in fact of the corporation, under a power of attorney in its name signed by its president and secretary.    John P. Alvis, who alone defended the action, pleaded not guilty, and several special pleas which averred, in substance, that the mortgage was executed in Alabama, where the mortgage debt was created by a loan of money, and that said corporation, while engaged in business in Alabama, had no known place of business here, and no authorized agent or agents.    The court overruled a demurrer to these special pleas, and issue was then joined on them, as also on the plea of not guilty.    On the trial, the plaintiff offered in evidence the said mortgage and the charter of the corporation, and they were admitted without objection; but the conveyance executed to plaintiff, as the purchaser at the sale, was excluded, on objection by the defendant, and also the power of attorney to Collier, under which it was executed; and plaintiff excepted to each of these rulings.    On this evidence, the court charged the jury, on request, that they must find for the defendant, if they believed the evidence; to which charge the plaintiff excepted.    The overruling of the demurrers to the special pleas, the exclusion of the evidence offered, and the charge of the court, are now assigned as error.

THORINGTON & SMITH, with whom was O. KYLE, for appellant, cited *Nat. Bank v. Mathews*, 98 U. S. 621; *Gold Mining Co. v. Bank*, 96 U. S. 640; *Union M. L. Ins. Co. v. McMillan*, 24 Ohio, 67; *Clarke v. Middleton & Riley*, 19 Mo. 53; *Harris v. Runnels*, 12 How. 79; *Quartlebaum v. State*, 79 Ala. 1; *Smith v. Shirley*, 12 Wall. 361; *Nat. Bank v. Whitney*, 103 U. S. 103; *Fortier v. N. O. Bank*, 112 U. S. 439; *Reynolds v. Crawfordsville Bank*, 112 U. S. 405; *Lehman, Durr & Co. v. Warner*, 61 Ala. 455; *Thorington v. Gould*, 59 Ala. 461; Mor. Corp., 7th ed., §§ 105, 112, 113, 44–5; Sedg. Const. & Stat. Law, §§ 340–41; *Brook. Life Ins. Co. v. Bledsoe*, 52 Ala. 551.

JOHN M. CHILTON, *contra*.

STONE, C. J.—The contract, out of which the present litigation grew, was made in Alabama.    The New England Mortgage Security Company, a corporation organized under the laws of Connecticut, lent money to Alvis, and received

from him a mortgage on real estate lying in Alabama, to secure the repayment of the loan.

The mortgage contained a power of sale on default. Under authority alleged to have been conferred by the corporation, it is claimed that an agent advertised and sold the land according to the requirements of the mortgage; that Sherwood became the purchaser, and received a conveyance in the name of the corporation, executed by the said agent, styling himself attorney in fact. Sherwood thereupon instituted this statutory real action to recover possession of said lands, together with damages for the detention. It is not shown that Sherwood is an outsider, purchasing in his own right, nor is there in the record any evidence tending to show the price at which he purchased, nor whether he paid the purchase-money. Plaintiff did not succeed in getting his title before the jury.

The main defense arose under certain special pleas, which averred that the "New England Mortgage Security Company" was a foreign corporation; that the loan was made and the mortgage executed in Alabama, and that at the time the contract was made the said corporation had no known place of business in Alabama, and no agent or agents therein.

A demurrer to these pleas was overruled, and this presents the first question for our consideration. The constitutional prohibition relied on, is in the following language: "No foreign corporation shall do any business in this State, without having at least one known place of business, and an authorized agent or agents therein."—Constitution of 1875, Art. XIV, § 4.

We have held, in a long line of decisions, that a contract made by or with a corporation, which is outside of the pale of its corporate authority, confers no rights; and that the making of such contract does not estop the party promising from invoking the defense of *ultra vires.*—*Smith v. Ala. Life Ins. Co.,* 4 Ala. 558; *City Council v. M. & W. Plank-Road Co.,* 31 Ala. 76; *Waddill v. A. & T. R. R. Co.,* 35 Ala. 323; *Grand Lodge of Ala. v. Waddill,* 36 Ala. 313; *Chambers v. Falkner,* 65 Ala. 448; *Wilks v. Ga. Pac. R. R. Co.,* 79 Ala. 180; *Westinghouse Machine Co. v. Wilkinson, Ib.* 312. The contract we are considering, however, is not without the scope of the New England Mortgage Security Company's corporate powers. It is directly within the line of business for which that corporation was created.

On the other hand, following a well-established, uniform

[Sherwood v. Alvis.]

rule, we have declared that, if a person contract with a corporation in a matter within its corporate power, the mere making of such contract estops the promisor from disputing the corporation's regular and complete organization.—*Lehman v. Warner*, 61 Ala. 455. The distinction is between an entire absence of authority in the organic law itself, and a failure to comply with some prerequisite which the law has made a condition precedent to the exercise of corporate functions. In the one case, there is a want of power to act; in the other, only an abuse of power conferred.

The case of *Smith v. Sheeley*, 12 Wall. 358, like the present suit, was an action for the recovery of a lot of land. One of the main questions considered and decided was, whether the Nehama Valley Bank could be lawful grantee of the lot which was the subject of the suit. While Nebraska was only a territory, its legislature had incorporated the bank, but the act of incorporation was never approved or confirmed by Congress. By act approved July 1st, 1836, Congress enacted, "That no act of the territorial legislature of any of the territories of the United States, incorporating any bank or any institution with banking powers or privileges, shall have any force or effect whatever, until approved and confirmed by Congress." This act of Congress was in force when the Territorial Legislature incorporated the Nehama Valley Bank. The court, Mr. Justice DAVIS delivering its unanimous opinion, said : "It is insisted, however, as an additional ground of objection to this deed, that the bank was not a competent grantee to receive title. It is not denied that the bank was duly organized in pursuance of the provision of an act of the legislature of the Territory of Nebraska; but it is said that it had no right to transact business until the charter creating it was approved by Congress. This is so, and it could not legally exercise its powers until this approval was obtained. But this defect in its constitution can not be taken advantage of collaterally. No proposition is more thoroughly settled than this, and it is unnecessary to refer to authorities to support it. Conceding the bank to be guilty of usurpation, it was still a body corporate *de facto*, exercising at least one of the franchises which the legislature attempted to confer upon it; and in such a case a party who makes a sale of real estate to it, is not in a condition to question its capacity to take the title, after it has paid the consideration for the purchase." To the same effect is *Union Mut. Life Ins. Co. v. McMillan*,

24 Ohio St. 67; *Clark v. Middleton,* 19 Mo. 53; *Harris v. Runnels,* 12 How. U. S. 79. See, also, *Gold Mining Co. v. National Bank,* 96 U. S. 640; *National Bank v. Matthews,* 98 U. S. 621; *National Bank v. Whitney,* 103 U. S. 99; *Reynolds v. Bank,* 112 U. S. 405; *Fortier v. Bank, Ib.* 439; Sedgw. Con. & Stat. Construction, 2d Ed., 73 and 340; *Thorington v. Gould,* 59 Ala. 461.

It may be objected that, inasmuch as the New England Mortgage Security Company derived its corporate existence and powers from the State of Connecticut, and is therefore not subject to the jurisdiction of our courts, save as it 'may attempt to exercise its corporate functions within this State, both the State and the people are without remedy, if the corporation is allowed to enforce a contract made in disregard of our constitutional prohibition. This would seem to follow as a necessary sequence. But is that a sufficient reason for disregarding the sound logic and morality of the many authorities cities above? Suppose the framers of our constitution, instead of confining their inhibitory language to foreign corporations, had declared that no domestic corporation shall do any business without having at least one known place of business, etc. Would any one contend that a contract entered into in disregard of such prohibition would be void? The authorities cited above, and countless others, with uniform voice, answer such inquiry in the negative. Suppose our constitution had two inhibitory clauses, one applicable to foreign, and the other to domestic corporations, but in all other respects alike. Could we give different interpretations, and hold that the violation of one would annul the contract, while the violation of the other would simply arm the State with power to vacate the charter for the abuse?

Another argument: The legislature, at its last session— Sess. Acts, 102—passed an act "To give force and effect to section four of article fourteen of the constitution of the State of Alabama;" the section we are interpreting. That statute points out the mode of declaring and making known the designated place of business, and the authorized agent or agents to reside thereat, of foreign corporations proposing to do business in this State. It also imposes heavy penalties on foreign corporations and their agents for engaging in business without complying with the statute, and provides a means for their collection. It does not make the contract void. Contracts by foreign corporations, entered into since the approval of that statute—February 28th, 1887—would

[Ezzell v. Watson.]

not be void, but the offenders would be liable to the penalties.—Sedg. Stat. & Con. Construction, 2d Ed., 339 to 341; *Ala. Gr. So. R. R. Co. v. McAlpine*, 71 Ala. 545.

Would it not be strange, if the constitutional prohibition—a matter not within legislative control—should receive one interpretation before the enactment of the statute, and a different one after the enactment? The Circuit Court erred in overruling plaintiff's demurrer to pleas 2, 3, 4, 5.

In what we have said, we have no wish to question or weaken our former decisions holding that contracts by or with corporations, which are outside of their corporate powers, can not be enforced. We are unwilling, however, to extend that principle, and make it embrace a case like the present.

We are aware that this court has held the clause in the constitution we have been considering to be prohibitory, without legislative action to give it effect.—*American U. Tel. Co. v. W. U. Tel. Co.*, 67 Ala. 26; *Beard v. U. & Amer. Pub. Co.*, 71 Ala. 60. Neither of these cases, however, was decided on that question. Nor did we consider what effect the constitutional prohibition would have on contracts made by foreign corporations, without compliance with its requirements. This case brings that question before us for the first time.

The questions on the admissibility of evidence will not be likely to arise again, in the form in which this record presents them. The execution and seal of the corporation, appended to the power of attorney, can be proved by deposition, and examined copies of the by-laws in the same way.

Reversed and remanded.