### BLACK & MANNING V. OLIVER.

1. Where an illegal contract is executed, and the parties are *in pari delecto*, the law will not interfere between them.

2. A condition entered into by the purchaser of a slave, at a reduced price, that he will make her his wife, and set her free, is illegal and void, and the purchaser will take the slave, discharged from the performance of the condition.

Error to the Circuit Court of Marshall County.

DETINUE by the defendant in error for a female slave, and judgment in his favor in the court below, on the plea of non detinet.

The facts of the case, as set out in a bill of exceptions taken at the trial, are that the defendant in error, about eighteen months after his removal to this State from South Carolina, sold and conveyed by bill of sale, the negro woman in controversy, to one Robert Sweet. It was also proved that Sweet gave his note to Oliver for two hundred and fifty dollars, the consideration mentioned in the bill of sale; but Oliver was not to enforce payment thereof, but was to credit Sweet: That the slave was worth from six to eight hundred dollars; and that the inducement for the sale of the slave to Sweet, was, that he was to make her his wife, and emancipate her.

The plaintiffs in error proved, that they purchased the slave from Sweet for two hundred dollars; and produced a bill of sale from him to them, for the slave. Evidence was also offered, tending to show, that the plaintiffs knew the circumstances under which Sweet acquired the slave, before they purchased from him.

The plaintiff below, then offered to prove by a witness, that Sweet, before his purchase of the slave, told him that he had followed the plaintiff below from Carolina, for the purpose of cheating him out of this negro, under the false pretence, that he

intended to keep her for a wife, and would set her free. The defendants below were not present. To the introduction of this testimony, the defendants below objected; but the court permitted it to go to the jury; to which opinion the defendants excepted, and now assigns for error.

HOPKINS, for the plaintiff in error.

ORMOND, J.—The evidence set out in the bill of exceptions, shows, that the slave in controversy was sold by the defendant in error, at a very reduced price, to one Sweet, in consideration that he should make her his wife, and emancipate her.

We must infer, from the statement on the record, that the bargain was to be consummated in this State, where a marriage between a white and colored person would be illegal; and it was probably intended, that the parties should live together in a state of concubinage. As either would be in violation of the law of this State, morality, and public decency, the stipulation would be void; and by the purchase, Sweet acquired the absolute property in the slave, discharged from the performance of the condition.

It is a well established principle of law, that all contracts or agreements, which have for their object any thing repugnant to justice, or against the general policy of the common law, or contrary to the provisions of any statute, are void. In the eloquent language of Lord Chief Justice Wilmot, in Collins v. Blantern, (2 Wilson 347) "This is a contract to tempt a man to transgress the law; to do that which is injurious to the community: it is void by the common law; and the reason why the common law says such contracts are void, is for the public good: you shall not stipulate for iniquity. All writers upon our law agree in this: No polluted hands, shall touch the pure fountains of justice."

The condition of the sale being clearly against law, and a gross violation of public decency, is absolutely void. The attempt here, is in effect, to recover back the slave, because this illegal condition has not been performed. This the law will not tolerate; where the contract is *executed*, and the parties to it are *in pari delicto*, the law will not interfere between them.

The plaintiffs in error, are purchasers from Sweet, for a valuable consideration, with notice (as appears from the record) of the illegal condition; the question therefore, is in effect the same, as if the suit was between the original parties to the transaction.

The question is presented in this Court, on an exception taken to the opinion of the court below, admitting evidence that Sweet had confessed, that he had followed the defendant in error, from Carolina to this State, for the purpose of cheating him out of the slave, under the false pretense, that he would make her his wife, and set her free. It does not appear, that the plaintiffs in error were apprized of these facts, nor is that at all important. Whether Sweet was acting in good or bad faith, in promising to do an act, which the law, public decency, and good morals alike forbid, cannot effect the question. It follows, from what has been said, that the court erred, in permitting the testimony to go to the jury.

It is difficult to resist the conclusion that the whole case does not appear on the record. What the law would be, in a case where the condition of a nominal sale of this character, was, to take the subject of it to some other country, where such marriages were lawful, it is not necessary now to determine.

Let the judgment be reversed and the cause remanded.