SHACKLEFORD v. WARD.

1. Where money is wagered and deposited in the hands of a stake-holder, it may be arrested by either party before it is paid over, by a notice not to pay it. In such a case, however, a special demand would be necessary to enable him who gave the notice, to maintain an action for the sum deposited by him.
2. But if the stake-holder, after being so notified by one of the parties, pays the money to the other, he thereby waives the special demand, and may be sued as soon as the plaintiff elects to consider the wager as void; or as soon as it is ascertained that in point of fact, the wager was neither lost nor won.

Writ of error to the County Court of Sumter county.

ASSUMPSIT on the common money counts. Verdict fo. the defendant on the general issue, and judgment thereon.— The writ was issued on the third day of February, 1840.

At the trial, the plaintiff proved that some time in the year 1839, and previous to the election held in said county, he betted the sum of five hundred and fifty dollars, with one Tankersley, upon the result of the Senatorial election. The money was deposited in the hands of the defendant. On the day following the election, and before the defendant had paid over the money to Tankersley, the plaintiff gave notice to the defendant not to pay it over, as the election would be contested. The defendant replied that he would not. The plaintiff some weeks after this, was notified by the defendant, that he had paid the money to Tankersley, who would indemnify him for all losses. The election was subsequently, on the 28th day of January, 1840, declared insufficient to entitle the returned member to his seat in the Senate, and a new election directed to be had.

On this evidence, the plaintiff requested the court to charge the jury, if they believed the defendant, as stakeholder, had received five hundred and fifty dollars from the plaintiff, to abide the result of the said election for Senator, and the defendant had been notified by him not to pay over the money to the supposed winner, then he was entitled to recover of the defendant. The Court refused to give this charge, but instructed the jury that it was necessary for the plaintiff to prove an actual demand of the money before he could recover.

The plaintiff then requested the Court to charge the jury, that if the defendant had received notice from the plaintiff not to pay over the money, previous to paying it over, this was equivalent to a demand. This charge was refused.

The plaintiff further requested the Court to charge the jury, that if the plaintiff, when he notified the defendant not to pay over the money, had given him leave to keep it, subject to the final decision of the election, and the defendant, before such decision, had paid it over to the supposed winner, and had notified the plaintiff of this fact before the commencement of this suit, then these circumstances constituted a case in which no demand was necessary.

This, also, was refused, and the jury was instructed, that if the defendant was authorised to retain the money for a given time, and before the expiration of that time he had paid it over to the supposed winner, it was a circumstance which they might consider as determining the question, whether a demand was or was not made.

To all these charges as given, and refused to be given, the plaintiff excepted, and now assigns that the County Court erred in the several matters excepted to.

PECK, for the plaintiff in error.

JONES, contra.

GOLDTHWAITE, J.—1. The plaintiff in this case, after the supposed determination of the wager, gave notice to the stake-holder to retain the money in his hands, and not to pay it over to the supposed winner. This arrested the money in his hands, and it could at any time after this have been reclaimed by the plaintiff, and the defendant would not have been authorised to withhold it, even if the wager had been decided against the former. This was settled in the case of Wood v. Duncan. 9 Porter, 227. It appears, however, that the event on which the wager was to be determined, in point of law, never took place, for the bill of exceptions shows that the election was declared to be void, and a new one ordered. The consequence of this decision was, to remit the parties to this wager, to all their original rights to the monies severally deposited by them. If the money had then remained with the stake-holder,

a special demand would have been necessary to entitle the plaintiff to recover it.

2. No special demand, however, was necessary under the circumstances of this case. It appears that doubts had arisen with respect to the validity of the election, as declared in the first instance. The plaintiff informed the stake-holder that the election would be contested, and notified him not to pay the wager to the then supposed winner. Afterwards, and before the decision of the proper authority on the contested election, the stake-holder pays over the money to the supposed winner, and informs the plaintiff that he had done so, and that the then supposed winner would indemnify him for all losses. Certainly, after this, a demand was entirely unnecssary to enable the plaintiff to maintain his action, whether he elected to consider the wager as illegal and at an end; or whether he awaited the final decision, which in effect, decided that the wager was neither lost or won. The latter course was pursued, and this action was commenced in February, 1840, the decision having been made a few days previously.

The defendant, by his own act, in paying over the money, must be considered as waiving any right to a special demand. In the case of Rathbun v. Ingalls, 7 Wend. 320, it is said that an intention formed by an agent to retain money, and communicated to others, *but not to the plaintiff*, would not dispense with a demand. But it is admitted in that case, if the intention had been communicated to the plaintiff, it would have waived the demand.

The County Court erred in instructing the jury that the plaintiff could not recover without proof of a special demand of the money.

Let the judgment be reversed, and the case remanded.