7   357
108  304

# WINDHAM, USE, &c., v. CHILDRESS & SKANES.

1. Where one, previous to the passage of the Penal Code, lost a horse by a bet upon a horse race, delivered the horse to the winner, and afterwards repurchased him, executing his note for the price, he cannot when sued upon the note, defeat the action, by proving the illegality of the original consideration, by which the plaintiff acquired the horse.

2. Whether the provision of the Penal Code, extends to money, or property, lost upon a horse race—*Quere?*

Error to the Circuit Court of Butler County.

Assumpsit by the plaintiff in error against the defendants in error, upon a promissory note.

Upon the trial, it appeared that the defendant, Childress, and one Sutton, made a bet upon a horse race; that Sutton won the race, and the horse which had been staked upon the issue of the race, was given up to him. That eight or ten days afterwards, Childress purchased the horse from the plaintiff, who was interested in the bet, and had purchased the interest of his partner, and executed to him the note sued on in payment, and that the beneficial plaintiffs became interested in the note without any knowledge of the consideration.

The plaintiffs' counsel moved the Court to charge the jury, that the plaintiffs were entitled to recover, notwithstanding the consideration on which the note was founded. Also, that if the beneficial plaintiffs were purchasers of the note for a valuable consideration, without notice of the circumstances under which it was executed, they were entitled to recover; which charges the Court refused to give, and the plaintiff excepted.

The assignment of error, is the refusal to charge, as stated, in the bill of exceptions.

G. W. Gayle, for the plaintiff in error, cited 1 Littell, 50; 1 Monroe, 115; 2 Bibb, 300; 7 Porter, 251; 5 Ala. Rep. 708.

ORMOND, J.—Although the law will not lend its aid to enforce an illegal contract, yet if it be executed, and the parties are *in pari delicto*, it will not interfere between them. [Black & Manning v. Oliver, 1 Ala. Rep. 449.] So, if, upon an illegal contract, the possession be parted with, and the former owner regain it by fraud, or force, he cannot defend himself, and retain the possession, by showing that he parted with it upon illegal, or immoral consideration, and that the contract was in violation of a public statute. This is the principle of the case of Rochelle v. Harrison, 8 Porter, 351, where it is said, " what the law will not accord by suit, cannot be attained by fraud, or force. Whenever the title to property, has once

passed by an executed contract, it cannot be revested by recaption, or by any other mode of acquiring the possession."

These principles are decisive of this case, when the horse was won, and delivered to the plaintiff, upon his winning the race, upon which it had been bet, the only statute in force was the act of 1807, making all gaming contracts void, and which, by the provisions of the act, extended to horse racing. But upon the delivery of the horse, the property vested absolutely in the winner, and as the loser, could not have repossessed himself of the horse by fraud, or force, and have defended himself by showing the illegality of the contract, by which he parted with it, still less can he be allowed to do so, when he has regained the possession, by a contract to pay a sum of money. At the time this contract was made, the provisions of the penal code, (Clay's Dig. 434, § 17,) which authorizes the recovery of money, or property lost at gaming, was not in force, admitting that the provision extended to money, or property, lost upon a horse race.

Let the judgment be reversed, and the cause remanded.