# SAMUELS v. AINSWORTH.

1. Money lost upon a horse race, may be recovered back, if the suit is brought within six months from the time the money is paid to the winner. It is not necessary the defendant should plead that more than six months has elapsed before the commencement of the suit, as the right of action depends on the suit being brought within that period.

Error to the Circuit Court of Benton. Before the Hon. G. W. Lane.

The plaintiff declared in assumpsit, against the defendant, and a trial was had in the court below on the plea of non-assumpsit. In the progress of the trial, a bill of exceptions was sealed by the presiding judge, which presents the following facts: In the month of November, 1843, the plaintiff, and defendant, bet a hundred dollars on a horse race, and each staked the money in the hands of a third person. The race was run in Benton county, and the defendant won the race. The stakeholder, without notice from the plaintiff, paid it over to the defendant. It was also proved, that the defendant was a non-resident of the State of Alabama, and was out of the State, from the time he won the money, until a week before the commencement of this suit. On this evidence, the court charged the jury, that money lost on a horse race, and paid over without notice to the stakeholder, could not be recovered back by law; also, that if they believed the evidence, the plaintiff could not recover. Under this charge, the jury returned a verdict for the defendant, and judgment was thereon rendered. It is here assigned for error, that the court erred in the charges given to the jury.

S. F. Rice, for plaintiff in error.

1. The several statutes upon the subject of gaming are to be construed together—being *in pari materia.* Horse racing is one species of gaming. And money lost upon a horse

race, and paid over to the winner, may be recovered back by the loser, under our statutes. Clay's Dig. 257, § 1; Ib. 434, § 17, 18; Ivey v. Phifer, 11 Ala. Rep. 538.

2. If it were even doubtful, whether a bet on a horse race, is within the letter of the 17th and 18th sections of the 6th chapter of the penal code, there can be no doubt but that it is within the mischief intended to be remedied, and within the equity and spirit of those sections. Every species of gaming is unlawful. Lethbridge v. Chapman, 15 Vin. Abr. 103; Hickman v. Walker, Willes R. 27; Wilcocks v. Huggins, 2 Str. 907.

3. The limitation of six months provided in the 17th section above cited, was not pleaded. But if it had been, the proof that defendant was out of this State from the time of payment until about a week before this suit was commenced, would have been an avoidance of the limitation. Clay's Dig. 327, § 84.

A. J. WALKER, contra.

At common law, no action could be maintained to recover back money lost on a wager, and if a wager deposited in the hands of a stakeholder be paid to the winner without notice to retain it by the loser, he is without remedy. This rule is uninfluenced by our statute of 1807. Clay's Dig. 257, § 1; Tindall v. Childress & May, 2 St. & P. 250; Wood v. Duncan, 9 Porter, 227; Windham, use, &c. v. Childress & Skanes, 7 Ala. R. 357.

The parties here are in pari delicto, and the illegal contract that the winner should receive the money bet has been executed. Under such circumstances, no court will interfere between the parties. Black & Manning v. Oliver, 1 Ala. R. 449.

The act of 1841, (Clay's Dig. 434, § 17,) refers alone to gaming, and cannot be construed to include horse racing, for the following reasons:

1. A proper definition of gaming, according to dictionaries of recognized authority, and the ordinary acceptation of the term, does not include horse racing.

2. Because the above cited act is an innovation upon the common law, and must be strictly construed.

3. The act of 1841 is to be construed in reference to the previous act of 1807. In the latter, both the terms horse racing and gaming are used. Why, in the subsequent act of 1841, is the term horse racing left out, if the legislature did not intend thus tacitly to exclude horse racing from the provisions of that act, for its supposed encouragement to the rearing of superior horses.

DARGAN, J.—At common law, money lost on a horse race, could not be recovered back of the winner, by the loser. Childress v. May, 2 Stew. & Por. 250 ; 9 Porter, 227; 7 Ala. R. 357.

Our statute, passed 1807, (Clay's Dig. 257,) makes void all provisions, agreements, bonds, bills, notes, or other contracts, judgments, mortgages, &c. where the whole, or any part of the consideration of such bond, bill, note, &c. shall be for money, or other valuable thing, laid, or bet, at cards, dice, or at any other gaming table, called A, B, C, or E, O, or billiards, or at any other table, known, and distinguished by any other letters, or figures ; or rowly powly, *rouge* and *noir*, or at any faro bank, or table, by any other name ; or at any horse race, cock fighting, or other sport or pastime. Under this statute, it is very clear that no contract, the consideration of which was founded in whole, or in part, upon any gaming consideration, could be enforced by law, yet notwithstanding this statute, if the loser had paid over the money, to the winner, he could not have recovered it back, for both parties were considered *in pari delicto*, and the law would not interfere between them. The plaintiff, then, neither at the common law, nor under this statute, could have maintained this action, to recover back the money he had lost, and paid over. See 7 Ala. Rep. 357; 1 Ala. Rep. 449; 9 Porter, 227.

But the plaintiff contends, that by the penal code, (Clay's Dig. 434, § 17,) he is entitled to recover. This section enacts, that if any person, shall by playing at cards, or any other game, or by betting on the sides, or hands, of such as are gaming, shall lose to any person, any money, or other goods, and shall pay, or deliver any part thereof to the winner, the person so losing, or paying the same, may sue for .

and recover such money, in an action for money had and received; and such goods, in an action of trover, or detinue, &c.; provided, however, neither of the aforesaid actions shall be maintained by the loser, unless such action be brought, within six months from the time of the payment, or the delivery of the goods. And the plaintiff contends, that although horse racing is not expressly named in this statute, yet by a proper construction of this act, taken in *pari materia*, with the act of 1807, it is embraced; and the true meaning of this act, is, to embrace all species of gaming named in the act of 1807. That under this act, any money, or other valuable thing, lost at any game, or on a horse race, &c. may be recovered back. We are disposed to yield our assent to this construction, and to hold, that money lost, and paid over, on a horse race, or other pastime, by virtue of this section of the penal code, may be recovered back by the owner. But the right to recover it back, is given by statute; and must be asserted in the mode prescribed by the statute, and when we look to the proviso, we see, that the suit to recover back, must be brought within six months. The language is, "provided, however, that neither of the aforesaid actions shall be maintained by the loser of such money, or goods, unless the same be brought within six months from the time of payment, or delivery of such goods.

Now let us look at the law before the passage of this act. Neither under the common law, nor the act of 1807, could this plaintiff recover; by the penal code he may, provided, he sue within six months. That the suit be brought within six months, is a requisite to maintain this action, and if the loser let the six months expire, without suit, he then can claim only such rights as he could have claimed, under the act of 1807, or the common law; neither of which will permit a recovery of money lost, and paid over to the winner.

We cannot assent to the argument, that the six months named in this statute, is in the nature of the statute of limitations, which merely takes away the remedy; but are fully satisfied, that the right to recover, or the right of action, depends on suit being brought within six months. Therefore, it is unnecessary to plead specially, that the suit was not brought within six months.

47

As the evidence clearly showed, that the suit was not brought within six months from the time the money was paid over, the court did not err in the charge, that under the evidence, the plaintiff could not recover. Had there been the slightest conflict of proof, or even a controversy in the court below on this question, this charge would have been objectionable; but as the plaintiff's evidence showed this, and there was no controversy, as to this fact, the charge is not erroneous. The charge given, that money lost on a horse race and paid over, could not be recovered back, was erroneous, if the court intended to lay this down as a general rule. But whether the presiding judge intended to convey this idea to the jury or not, *is immaterial;* for if he did, it would be merely an error without injury, and for which this court 'would not reverse, as the whole evidence clearly showed that the plaintiff could not recover, and the jury were so charged.

The judgment is consequently affirmed.