# Long *v.* Geo. Pacific Railway Co.

*Bill in Equity for Cancellation of Conveyance as Cloud on Title.*

1. *Ultra vires contract of corporation; executed and executory contracts.* When a contract with a corporation is *ultra vires*, neither party can enforce it against the other, and either of them may assert its invalidity; but, when the contract has been fully executed by both, as by the execution of a deed and full payment of the purchase-money, a court of equity will not rescind it, nor grant relief against it.

| 91 | 519 |
|---|---|
| 101 | 263 |
| 91 | 519 |
| 103 | 627 |
| 91 | 519 |
| 108 | 301 |
| 91 | 519 |
| 114 | 407 |
| 91 | 519 |
| 117 | 690 |
| 119 | 171 |
| 91 | 519 |
| 121 | 382 |
| 91 | 519 |
| d129 | 222 |

[Long v. Geo. Pacific Railway Co.]

APPEAL from the Chancery Court of Walker.

Heard before the Hon. THOS. COBBS.

The bill in this case was filed on the 28th November, 1888, by Benj. M. Long against the Georgia Pacific Railway Company, and sought the cancellation of a deed which the complainant had executed to said corporation, conveying the mineral interests in certain lands, which belonged to him, and of which he was still in possession when the bill was filed; a cancellation being sought on the ground that the deed was void, because the corporation had no power to acquire and hold the lands, and was a cloud on complainant's title. The chancellor sustained a demurrer to the bill, and his decree is assigned as error.

HEWITT, WALKER & PORTER, and COLEMAN & McINTYRE, for appellant.—The defendant corporation was organized under the general statutes, and has no power to acquire or hold mineral interests in lands.—58 Ala. 489; 88 Ala. 377. Complainant is not estopped from setting up this want of power.—65 Ala. 448; 54 Ala. 471; 31 Ala. 76; 83 Ala. 113; 87 Ala. 344. The conveyance is a cloud on complainant's title to the land, which a court of equity will remove.—11 Ala. 310; 12 Ala. 734.

JAMES WEATHERLY, contra.—It is conceded that the courts will not enforce, at the suit of either party, a contract with a corporation which is ultra vires, but will allow either party to assert its invalidity.—Smith v. Insurance Co., 4 Ala. 558; Grand Lodge v. Waddill, 36 Ala. 313; City Council v. Plankroad Co., 31 Ala. 76; Chambers v. Falkner, 65 Ala. 448; Savings Bank v. Dunklin, 54 Ala. 471; Eufaula v. McNab, 67 Ala. 558; Wilks v. Railway Co., 79 Ala. 180; Dudley v. Collier, 87 Ala. 431; Farrior v. N. E. Security Co., 88 Ala. 279. But all these cases involved executory contracts, and the effort was to enforce them; and in several of them the court recognizes the distinction between executed and executory contracts. Here, the contract has been fully executed by both parties, and the effort is to avoid it. The authorities all concur, that the court will not lend its aid in such a case. Reynolds v. Nat. Bank, 112 U. S. 405; Cowell v. Colorado Springs, 100 U. S. 55; Myers v. Croft, 13 Wall. 291; Gas Co. v. Berry, 113 U. S. 322; Burns v. Railroad Co., 9 Wisc. 423; Clarke v. Lumber Co., 59 Wisc. 655; Railroad Co. v. Proctor, 29 Vt. 93; Barrow v. Turnpike Co., 9 Humph. 304; 5 Denio, 389; 7 Serg. & R. 313; 11 Serg. & R. 411; Lathrop v. Com. Bank, 8 Dana, 114; 47 Conn. 141; 73 Ill. 23, or 24 Amer. Rep. 230; 57 Mich. 146, or 58 Amer. Rep. 352; 2 Mor. Corp.,

§§ 707–11; *Parrish v. Wheeler*, 22 N. Y. 494; *Thomas v. Railroad Co.*, 101 U. S. 71, 87; *Fitts v. Palmer*, 132 U. S. 282, 295.

McCLELLAN, J.—The case made by the amended bill is this: On April 23, 1883, the complainant, B. M. Long, and his wife, Amanda C. Long, executed to the Georgia Pacific Railway Co. a deed upon valuable consideration presently paid, to and of the iron, coal and oil interests and properties in and pertaining to certain tracts of land, aggregating about four thousand acres; the said Long retaining the fee to said lands, except in respect to said mineral interests, and continuing in possession thereof. The grantee is a corporation, and was and is without power to purchase and hold said land, or the mineral interests in the same. The bill seeks to have the deed declared void, because of this incapacity of the corporation, and to have the same cancelled as a cloud upon complainant's title. The bill was demurred to on several grounds, and the demurrer was sustained generally, the decree to that end being now assigned as error.

Only those grounds of error which present the question, whether a vendor who has sold, received payment for, and conveyed land to a corporation, which had no power to hold the same, can have any relief in respect to the transaction, are discussed in argument; and to these our consideration will be confined, since it is manifest that the determination of this question, in line with the decree below, as we think it must be determined, will be fatal, not only to the present appeal, but to complainant's cause of action.

It is thoroughly well settled law, that a party to an *ultra vires executory* contract made with a corporation is not estopped to set up the want of corporate capacity in the premises, either by the fact of contracting, whereby the power to contract is, in a sense, admitted or recognized, or by the fact that the fruits or issues of the contract have been received and enjoyed; and this, though the assault upon the transaction comes from the corporation itself.—*Marion Savings Bank v. Dunklin*, 54 Ala. 471; *Chambers v. Falkner*, 65 Ala. 448; *Sherwood v. Alvis*, 83 Ala. 115; *Chewacla Lime Works v. Dismukes*, 87 Ala. 344. But, where the contract is fully executed—where whatever was contracted to be done on either hand has been done—a different rule prevails. In such case, the law will not interfere, at the instance of either party, to undo that which it was originally unlawful to do, and to the doing of which, so long as the contract to that end remained executory, neither party could have coerced the other. As

declared by Mr. Bishop, "the parties voluntarily doing of what they have unlawfully agreed, places them, in effect, in the same position as if the contract had been originally good ; neither can recover of the other what was parted with.   The reason for which is, that, since they are equally in fault, the law will help neither."—Bishop on Contracts, § 627.

The former decisions of this court are in line with this doctrine, and fully recognize the distinction between executory and executed void contracts, to the effect that, while suits to enforce the former may always be defended on the ground of their invalidity, no relief prayed upon such ground can be granted with respect to the latter.—*Morris v. Hale*, 41 Ala. 510 ; *Ingersoll v. Campbell*, 46 Ala. 282 ; *Sherwood v. Alvis*, 83 Ala. 115 ; *Dudley v. Collier*, 87 Ala. 431 ; *Craddock v. Mortgage Co.*, 88 Ala. 281.   And this is the doctrine generally declared by other courts.—*Thomas v. Railroad Co.*, 101 U. S. 71 ; *Day v. S. S. B. Co.*, 57 Mich. 146 ; s. c., 52 Amer. Rep. 352 ; *Parish v. Wheeler*, 22 N. Y. 494 ; *Miners' Ditch Co. v. Tellerbach*, 37 Cal. 542, 606 ; *Terry v. Eagle Lock Co.*, 47 Conn. 141.

There is no question but that the case presented by the bill involved a contract on the part of the railway company to buy, and on the part of the complainant to sell, certain interests in the land described.   It is equally clear that the payment of the agreed price on the one hand, and the execution of the conveyance on the other, fully executed this contract on both sides, left nothing to be done by either party in the premises, and bring the transaction within the principle we have been considering, which denies to the complainant any relief in respect to it.

The same conclusion is reached by another well established principle.   It is, that when a party sells and conveys property to a corporation, which is without power to purchase and hold the same, and receives compensation therefor, there being no fraud in the transaction, he is in no sense injured or prejudiced by the incapacity of the corporation, nor can he be heard to complain of it ; but the question becomes one between the corporation and the State, the sovereign alone having the right to impeach the transaction ; and until it supervenes for this purpose, the corporation is vested with perfect title against all the world, defeasible only on office found.—*R. & B. Railroad Co. v. Proctor*, 29 Vt. 93 ; *Leazure v. Hillegas*, 7 Serg. & Rawle, 313 ; *Goundie v. Northampton Water Co.*, 7 Pa. St. 233 ; *Baird v. Bank of Washington*, 11 Serg. & Rawle, 411 ; *Lathrop v. Bank*, 8 Dana 114, 129 ; *Hough v. Cook County Land Co.*, 73 Ill. 23 ; s. c., 24 Amer Rep. 230 ; *Cowles v.*

*Springs Co.*, 100 U. S. 55; *Reynolds v. Crawfordsville Bank*, 112 U. S. 405, 413; 2 Mor. Corp. § 710.

The decree of the chancellor is affirmed; and the same result is reached in the case of B. L. Jones and B. B. Long v. Ga. Pac. Railway Co., submitted with this case, and involving the same question.

Affirmed.

