# Thornhill v. O'Rear.

*Action of Detinue.*

1. *Wager; stakeholder; revocation.*—Where money or property is placed in the hands of a stakeholder, to abide the result of a bet, or as a forfeit to bind parties to an illegal contract, while it remains in his hands, it may be arrested by the bailor before or after the happening of the event upon which the money is to be paid, or the forfeiture depends; and upon the revocation of his authority the money or property remains in the hands of the stakeholder as a naked trustee for the depositor.

2. *Executed illegal contract; when can not be avoided.*—When a contract founded upon an immoral or illegal consideration has been fully executed, it can not be avoided at the instance of either party, in absence of statutory provisions to that effect.

3. *Gambling contract; distinction between wager and forfeit.*—The deposit in the hands of a bailee of money or other thing of value to be forfeited to the other party in case of the failure by the depositor to

carry out a legal contract is not a wager, but a mere pledge to secure good faith, and is enforceable.

4. *Gambling contract, or wager. chance an essential element.*—Where the owner proposed to raffle his property, and to have a certain number of chances at a fixed price for each chance, and one person agrees to take all the chances, the transaction becomes a mere offer and acceptance of the property at a fixed price, and the element of chance is eliminated, and the contract is lawful.

APPEAL from the Circuit Court of Walker.

Tried before Hon. J. H. McGUIRE, Special Judge.

This is an action of detinue brought by W. L. Thornhill against Martin O'Rear to recover a watch. The defendant interposed the plea of the general issue. The affirmative charge was asked by the plaintiff and refused. The defendant asked in writing the following charges which were given: "(2) If the jury believe from the evidence that on Monday Thornhill consented that Jim O'Rear should deliver the watch to Martin O'Rear, then their verdict must be for the defendant." "(3.) Unless the jury believe from the evidence that Thornhill instructed J. A. O'Rear not to deliver the watch to Martin O'Rear, before it was delivered to Martin O'Rear, they must find for the defendant." The plaintiff excepted to the refusal of the court to give the affirmative charge in his behalf, and also severally excepted to the giving of the above charges as requested by the defendant, and said rulings of the court are assigned as error. Jim O'Rear, and J. A. O'Rear, referred to in the charges given by the court, was the stakeholder in whose hands the watch in controversy was placed. The other facts sufficiently appear in the opinion. There was a verdict for the defendant.

T. L. SAWELL, for appellant.

COLEMAN & BANKHEAD, for appellee.

HARALSON, J.—All the authorities hold, if money or property be placed in the hands of a stake-holder, to abide the result of a bet, or as a forfeit to bind parties to an illegal contract, while it remains in his hands, it may be arrested by the bailor before or after the happening of the event upon which the money is to be paid or the forfeiture depends. While in his hands, it is *in*

[Thornhill v. O'Rear.]

*transitu.* He is not a party to the illegal contract, and upon the revocation of his authority, the money or property remains in his hands as a naked trustee for the parties who placed it there.—*Wood v. Duncan,* 9 Port. 227; *Shackleford v. Ward,* 3 Ala. 37; *Lewis v. Burton,* 74 Ala. 317; *Ball v. Gilbert,* 12 Met. 403; *Alvin v. Hildreth,* 117 Mass. 558; *Usher v. Yates,* 11 John. 25.

But, as was announced in *McKee v. Maurice,* 11 Cushing, 358, "the law seems to have been held, by the authorities, that if after the event is determined, the loser pays the money to the winner, or permits by his assent or silence, the stake-holder, into whose hands the same has been placed, to pay it over to the winner, the loser cannot recover back the same. In such case, the principle is applied, that the law will refuse its aid to restore the money to the loser, both parties being *in pari delicto.*" In *Visher v. Yates,* 11 John. *supra,* it was said by Kent, C. J.: "If, after the determination of the event against the plaintiff, the money has been actually paid over to the winner with the plaintiff's consent, or perhaps without notice to the defendant to the contrary, the plaintiff could not have sustained an action against the winner to recover back the deposit;" citing *Hawson v. Hancock,* 8 Derm. 575, in which Lord Kenyon said, that there is no case to be found where an action has been maintained to recover the money back again. All the decisions of this court are in line with these authorities, holding, as to suits upon executory contracts founded upon immoral or illegal considerations they may always be defended on the ground of their invalidity; but that when executed, unless controlled by statute to the contrary, the law will not interfere, at the instance of either party to undo that which it was originally unlawful to do, for the reason, that being equally at fault, the law will help neither—*Long v. Ga. P. R. R. Co.,* 91 Ala. 522, and authorities there collected.

Section 1742 of our Code, provides, that all contracts founded in whole or in part on a gambling consideration are void; and any person who has paid any money or delivered anything of value, lost upon any game or wager, may recover such money, thing or its value, by action commenced within six months from the time of such payment or delivery.

If the case before us falls within the influence of that

[Thornhill v. O'Rear.]

statute, it would be an exception to the rule as to executed contracts to which we have just referred.—*Samuels v. Ainsworth*, 13 Ala. 366. The facts are, that on Sunday morning, being in the presence of defendant and others, when the subject of raffling came up, the plaintiff stated that "he believed he would raffle off his dwelling house and lot by chances," stating the proposed scheme, the chances to be 500, at a specified valuation. The defendant said he would take all the chances, to which plaintiff assented, and said he would make out a deed to the house and lot the next day, and deliver it to defendant, when he could pay him the money for it. Both parties agreed at the same time, to put up their watches in the hands of a stake-holder, as a forfeit, to stand by the proposition as made and accepted, which was done. This statement of facts shows that all the elements of chance were eliminated from the contract, which resulted in being nothing more than an offer by the one party to sell the house and lot at a certain price, to be arrived at by calculation, and the acceptance of the offer by the other. There was nothing unlawful in this offer, as made and accepted, if it had been done on any other day than Sunday, but having been made on that day, it was void, and incapable of enforcement. Code, § 1749.

But this suit arises outside the contract of the sale and purchase of the house and lot, namely, out of the transaction of putting up the watches to secure the fulfillment of this contract. It is said this was a bet or wager, which brings the case under the influence of said section 1742 of the Code. As to this, let us see. A wager is nothing more than a bet, "by which two parties agree that a certain sum of money, or other thing shall be paid or delivered to one of them on the happening or not happening of an uncertain event." 2 Bouv. Dict. *Wager*.

The transaction of putting up the watches was not a wager. It was only pledge of the good faith of the parties to abide the terms of the agreement, in the shape of liquidated damages for a failure of either to perform his agreement.—*Keeble v. Keeble*, 85 Ala. 552. If the transaction had occurred on any day but Sunday, the idea of gambling, perhaps, would not have occurred to any one.

This suit it will be borne in mind, is not on the con-

tract. It is in detinue by the plaintiff, who receded from the bargain, against the defendant, who stood by it, and to whom plaintiff's watch, put up as a forfeit, had been delivered.

The evidence of plaintiff tended to show, that on Sunday, the day of the transaction, shortly after it occurred, he notified the stake-holder, that he would not stand by the proposition, and not to deliver the watch to defendant; that he demanded the watch from the stake-holder, before he delivered it to defendant, and did not authorize him to deliver it to him, and that on Monday or Tuesday, following, plaintiff told defendant he would not abide the proposition made on Sunday before, and wanted his watch, which defendant refused to deliver to him.

On the part of defendant it was shown, that plaintiff did not notify him of his intention nôt to abide the transaction of Sunday, until after the watch had been delivered to him by the stake-holder, and further, that the next day, Monday, plaintiff told the stake-holder, it was defendant's watch and to turn it over to him, which he accordingly did, and that *after* he had turned it over to defendant, plaintiff told the stake-holder not to give it to defendant, when he notified him, that he had already turned it over to him.

The attempt of plaintiff here is, to recover this property, because the agreement of forfeiture was entered into on Sunday. It could not, as we have shown, have reference to any illegality growing out of the proposed raffle, which was afterwards abandoned. The condition on which the forfeit was to be delivered to defendant, had taken place. No delivery was made on Sunday, but on Monday or Tuesday following, and thereby, as between the parties to the transaction, it became executed. Whatever of element of illegality, if any, there may have been in putting up the forfeiture, in the beginning, on Sunday, the plaintiff was as much to blame for, as defendant, and if the watch was delivered according to the terms of the agreement of forfeiture, that agreement became executed, and plaintiff, in a suit in detinue for the property itself, is in no condition to ask the law to reclaim it from the predicament in which he contributed to place it. It is only in suits on contracts, void under the statute for having been made

on Sunday, that the defense of invalidity for having been executed on that day, can be made, if the contract remains unexecuted. If one buy a horse on Sunday, and it is delivered and paid for, it could hardly be contended, that either party could sue the other, the one for the horse, or the other for the money he paid for it, because the transaction occurred on Sunday. *Black v. Oliver*, 1 Ala. 450; *Windham v. Childress*, 7 Ala. 357; *Walker v. Gregory*, 36 Ala. 184; *Morris v. Hall*, 41 Ala. 536; *Long v. Ga. P. R. R. Co.*, 91 Ala. 522.

If this suit had been brought in proper form against the stake-holder, and the proof showed that he was notified not to deliver the watch before he did so, a case different from the one we now have, would be presented.

It follows from what we have said, that under the evidence in this case, the plaintiff was not entitled to the general charge as requested. Nor was there any error, of which plaintiff can complain, in giving those charges requested for defendant.

Affirmed.