# Shahan v. Tethero.

## *Statutory Action of Ejectment.*

1. *Foreign building and loan associations; executed contract not affected by non-compliance with statute; foreclosure of mortgage.*—Where there is a foreclosure of a deed of trust securing a loan made by a foreign building and loan association, and a conveyance by the trustee to said association as the purchaser at said sale, the legal title to the property embraced in said deed of trust becomes invested in the association, and by such sale, purchase and conveyance the contract evidenced by the deed of trust became fully executed ; and as a consequence, if said deed of trust was originally invalid, by reason of the association's failure to comply with the statute in depositing securities and taking out a license (Acts, 1892-93, p. 665), such infirmity can not avail the grantor in said deed of trust in an action of ejectment, subsequently brought by him against the association for the land embraced in said deed and purchased by it.

2. *Deed of trust; foreclosure sale not invalidated by reason of trustee's absence therefrom when his power properly delegated to another.*—Where a deed of trust given to secure a loan, authorized the trustee, in case of his absence or disability, to delegate his powers and duties to some other person to execute the trust, and in the absence of the trustee, there was a foreclosure sale under the deed, conducted by another acting under power from the trustee, and the trustee afterwards executed a deed to the purchaser at said sale, such deed from the trustee divested the legal title out of him and invested it in the grantee therein, who was the purchaser at said sale, without reference to the absence or presence of the trustee at the sale.

[Shahan v. Tethero.]

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was a statutory action of ejectment, brought by the appellant against the appellee, to recover certain lands specifically described in the complaint.

The plaintiff, W. P. Shahan, borrowed $3,000 from the People's Building, Loan & Saving Association, a foreign company located in the State of New York, and executed a deed of trust on the lands sued for to a trustee, E. A. Walton, to secure the payment thereof, to said Association, which deed bears date the 11th February, 1893. The company had been doing business in this State prior to the year 1893, and the application for the loan, secured by said trust deed was made prior to the 5th day of February, 1893. The defendant is the tenant of the association.

It was shown, that after default in the mortgage or deed of trust, rendering it liable to foreclosure, the trustee therein, proceeded, strictly in accordance with its terms therefor, to foreclose the same by advertisement and sale of the mortgaged premises ; that at said sale, the Association became the purchaser of the property, at and for the sum of $2,000, that sum being the highest and best bid offered for the same ; that there is a provision in said trust deed, which authorized the Association, in case of a foreclosure, to become a purchaser of the land at the sale ; that the trustee, thereafter, on the 19th of June, 1894, executed a conveyance of the premises to the Association as such purchaser, the deed reciting the execution of said mortgage, default in the payment of the debt secured thereby, a sale thereunder according to its provisions, and the purchase of the premises by the Association ; that thereafter, the plaintiff surrendered possession of the lands to be sold to said Association, as purchaser, and the tenant of the plaintiff, the defendant, attorned to the Association as owner of the land, to which attornment the plaintiff assented. Thereafter, the defendant rented the premises from the purchaser, the said Association, and holds possession under it.

On the trial, the defendant offered in evidence the mortgage of the plaintiff and wife to the Peoples Building, Loan & Saving Association, and the deed of the trustee in the mortgage to the purchaser—said Association—at the foreclosure sale. The plaintiff objected to each

[Shahan v. Tethero.]

separately as offered, on the ground, that the said Association had not deposited the securities as required by law ; that it had not paid the license required by law ; and as to the deed, another objection, that the sale under the mortgage was not made by E. A. Walton, trustee. The objections were severally overruled, and the deeds admitted in evidence, to each of which rulings plaintiff separately excepted.

The case was tried, as we take it—the abstract being silent,—on the plea of the general issue, by the presiding judge, a jury having been waived. There was no conflict in the evidence, and the court rendered judgment in favor of defendant, to which the plaintiff excepted.

The plaintiff appeals, and assigns as error the admission of these deeds and the rendering of judgment in favor of defendant.

GEORGE D. MOTLEY, for appellant.—The Building & Loan Association being a foreign corporation was required to pay the license and deposit securities to do business in this State.—Acts, 1892-93, p. 665. This statute being prohibitory, the contract was void.— *Robertson v. Hayes*, 83 Ala. 290.

2. The burden of proving a compliance with the statute as to paying license and depositing securities was on the defendant in this case.—*Atkins v. State*, 60 Ala. 45 ; *Rogers v. Brooks*, 105 Ala. 549.

3. Contracts which are void because in violation of a statute or against public policy cannot be ratified or confirmed by subsequent acts or agreements of the parties. *Moog v. Hannon*, 93 Ala. 503 ; *Woods v. Armstrong*, 54 Ala. 152 ; *Robertson v. Hayes*, 83 Ala. 291 ; *Petit v. Petit*, 32 Ala. 308.

AMOS E. GOODHUE, *contra.*—1. There being no evidence showing non-compliance with the statute, the presumption would be in favor of a compliance.—*Nelms v. Edinburgh Amer. L. Mort. Co.*, 92 Ala. 157.

2. The contract in this case was an executed one ; the deed of trust had been foreclosed ; the purchaser at the sale had, under the power, been let into possession. In the case of an executed contract, the mortgagor cannot assail its validity on account of the failure of the mort-

[Shahan v. Tethero.]

gagee to comply with some statutory or even constitutional provision.—*Craddock v. Amer. Freeh. L. M. Co.*, 88 Ala. 282; *Gamble v. Caldwell*, 98 Ala. 578; *Sherwood v. Alvis*, 83 Ala. 115; *Dudley v. Collier*, 87 Ala. 431.

HARALSON, J.—The statute to regulate the business of building and loan associations in this State, approved February 7th, 1893, (Acts, 1892–93, p. 665), requires such associations organized in other States and Territories, to deposit certain securities with the State Treasurer, in trust for the benefit of its members and creditors, and pay a license tax of $200 a year, as a condition to doing business in the State. The act, by its terms, went into effect immediately after its approval.

1. By repeated decisions of this court, it may be stated, that by the sale under the power in the deed of trust, under which the People's Building, Loan & Saving Association of New York, claims the property sued for, and the conveyance by the trustee therein to said Association as purchaser, the legal title invested in said trustee, by the plaintiff, the grantor therein, became divested out of him and invested in the said Association; and that by this sale, purchase and conveyance, the contract evidenced by the said deed of trust, became fully executed, in a manner and to the extent that if the trust deed had originally been invalid by reason of the failure of the Association, a foreign corporation, to comply with the law in respect to depositing the securities and taking out the license as required by statute, that infirmity could not have availed the plaintiff below in this action. The legal title, without which he could not recover, was not in him.—*Sherwood v. Alvis*, 83 Ala. 115; *Dudley v. Collier*, 87 Ala. 431; *Craddock v. A. F. L. M. Co.*, 88 Ala. 282; *Long v. G. P. R. Co.*, 91 Ala. 522; *Gamble v. Caldwell*, 98 Ala. 578; *Thornhill v. O'Rear*, 108 Ala. 299.

2. The fact that Walton, the trustee, was not present at the foreclosure sale, can make no difference. M. D. Sibert, acting under power from the trustee, conducted the sale, and the Association was represented by Goodhue & Sibert, its attorneys. The deed of trust contained the stipulation, that in case of the absence or other disability of the trustee, he was authorized and empowered to assign and delegate his powers and duties to some other person to execute the trust; and, without reference

[Boylston v. Rankin & Co.]

to such appointment, after the sale had been made, the trustee, in approval thereof, executed the deed, which divested the legal title out of him and invested it in the grantee in his deed.—*Gamble v. Caldwell*, 98 Ala. 578, *supra*.

There is no error in the ·record and the judgment of the court below is affirmed.

Affirmed.