# Diefenbach v. Vaughan.

### Statutory Action of Ejectment.

1. *Foreign building and loan association; executed contract not affected by non-compliance with the statute; foreclosure of mortgage; ejectment.* Where there is a foreclosure of a mortgage securing a loan made by a foreign building and loan association, and a conveyance by the association to the purchaser at said sale, the legal title to the property embraced in said mortgage becomes vested in the purchaser, and by such sale, purchase and conveyance, the contract evidenced by the

[Diefenbach v. Vaughan.]

mortgage becomes fully executed; and as a consequence, if said deed of trust was originally invalid by reason of the association's failure to comply with the law as to the designation of a place of business and an agent therein, such infirmity can not be set up by the mortgagor as a defense to an action of ejectment brought against him by the purchaser at the foreclosure sale, to recover the lands conveyed in said deed and purchased at such sale.

2. *Action of ejectment; right of mortgagee to purchasé at foreclosure sale can not be set up as a defense.*—In an action of ejectment, brought by a mortgagee as the purchaser at the foreclosure sale of his mortgage against the mortgagor, the defendant can not set up as a defense that the sale was void by reason of the fact that the mortgage did not confer authority upon the mortgagee to purchase thereat, since the right to attack the sale upon this ground can only be asserted by a bill in equity to disaffirm the sale.

Appeal from the City Court of Anniston.

Tried before the Hon. James W. Lapsley.

This was a statutory action in the nature of an action of ejectment, brought by the appellant against the appellee to recover a lot in the city of Anniston; and was instituted on February 3d, 1897. It was tried on the plea of the general issue.

The appellant introduced in evidence a mortgage by the defendant to the Covenant Building & Loan Association, dated February 4, 1891, to secure the payment of certain interest, premiums and instalments on stock, payable monthly. The mortgage contains a power of sale upon default in the payment for six months, but does not in express terms authorize a purchase by the mortgagee at a sale under the power. Plaintiff also introduced a deed by the mortgagee, dated January 27, 1897, conveying the lot to plaintiff. The recitals of the deed show a foreclosure in strict compliance with the power. The deed and mortgage were each properly acknowledged and recorded. Plaintiff also introduced evidence showing the advertisement and sale of the property in accordance with the terms of the mortgage, and the purchase by himself. He also proved the rental value of the premises.

The defendant introduced evidence tending to show that the mortgage was executed and delivered in Alabama, and that the mortgagee is a foreign corporation, organized under the laws of Tennessee, and had not, at the time the mortgage was made, filed in the office of the Secretary of State an instrument in writing desig-

[Diefenbach v. Vaughan.]

nating a known place of business and an authorized agent thereat, etc. The plaintiff objected to this evidence and moved to exclude the same, on the ground that it was immaterial and irrelevant. The court overruled the objection and motion, and the plaintiff reserved an exception. The defendant also offered evidence that the plaintiff purchased the lot for the benefit of the mortgagee, and that the price bid by him was paid by the mortgagee crediting the amount to the mortgagor on the mortgage debt. The plaintiff objected to the evidence that his purchase was for the benefit of the mortgagee, on the ground that it was immaterial and irrelevant, and excepted to the overruling of his objection.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence the court rendered judgment for the defendant, to the rendition of which judgment the plaintiff duly excepted. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

PELHAM & ACKER, for appellant.— 1. The action being by the purchaser at the mortgage sale, against the mortgagor, and the recitals of the deed in evidence showing a compliance with the power of sale, the mortgage and deed made a *prima facie* case for the appellant. *Jones v. Reese*, 65 Ala. 134; *Naugher v. Sparks*, 110 Ala. 572.

2. When a contract, though void in its inception, by reason of being in violation of a statute, offensive to good morals or contrary to public policy, becomes an executed contract, the courts will not divest the rights acquired by either party, but each may hold whatever he has acquired without regard to the validity or invalidity of the contract.—3 Brick. Dig., 144, § 42, *et. seq.*, and authorities cited; *Rochelle v. Harrison*, 8 Port. 351; *Morris v. Hall*, 41 Ala. 510 (536); *Sherwood v. Alvis*, 83 Ala. 115; *Farrior v. Mortgage Co.*, 88 Ala. 275; *Craddock v. Mortgage Co.*, 88 Ala. 281; *Gamble v. Caldwell*, 98 Ala. 577; *Shahan v. Tethero*, 114 Ala. 404.

3. If a sale be made under the power contained in a mortgage, originally invalid, by reason of the failure of the mortgagee, a foreign corporation, to comply with the statute as to a known place of business and an au-

[Diefenbach v. Vaughan.]

thorized agent, etc., the contract evidenced by the mortgage becomes an executed one, so that the purchaser can successfully maintain or defend ejectment.—*Sherwood v. Alvis, supra*; *Gamble v. Caldwell, supra*; *Shahan v. Tethero, supra*, and authorities cited.

.J. J. WILLETT, *contra*.—A contract which is void because in violation of the statutes or against public policy, can not be ratified or confirmed by subsequent acts or agreements of the parties. It would be an illogical conclusion to say that appellee Vaughan could not even ratify the contract made in this case by any subsequent acts or agreements, and that yet the corporation against which the statute is directed, and who violated it, by exercising the mere power of sale conferred in the mortgage could do so. Both parties could not ratify it by subsequent acts and agreements, and yet the contention of counsel for appellant is that one party can make the contract valid without even the consent of the other party, by simply advertising under the power of sale contained in the mortgage. It seems obvious that what both combined can not do, one alone can not do. The law making void all contracts entered into in violation of public policy or a penal statute is not out of any regard for the person who pleads such law, but as stated in *Woods v. Armstrong*, 54 Ala. 153, "These principles are founded on soundest principles of morality and public policy, and their enforcement is necessary to maintain the supremacy of the laws and dignity of the State." This, moreover, has been the judicial policy in Alabama since Alabama was a State.—*Carrington v. Callier*, 2 Stewart 175 ; *McGehee v. Lindsay*, 6 Ala. 16 ; *Shippey v. Eastwood*, 9 Ala. 200 ; *Butler v. Lee*, 11 Ala. 885 ; *Pettit v. Pettit*, 32 Ala. 288 ; *Woods v. Armstrong*, 54 Ala. 152 ; *Robertson v. Hayes*, 83 Ala. 291 ; *Dudley v. Collier*, 87 Ala. 431 ; *Hanover National Bank v. Johnson*, 90 Ala. 549 ; *Moog v. Hannon*, 93 Ala. 503 ; *Youngblood v. Birmingham Trust & Savings Co.*, 95 Ala. 521 ; *McGarry v. Nicklen*, 110 Ala. 559.

2. The contract in this case was not an executed contract. The bill of exceptions shows that the mortgagee purchased. at its own sale, and that the appellant purchased and holds the title as the mere agent of the Covenant Building & Loan Association, and paid his

purchase bid by crediting the amount bid on the mortgage debt. Nor is there any stipulation in the mortgage that the mortgagee might buy at its own sale.—*Gamble v. Caldwell*, 98 Ala. 577; *Knox v Armistead*, 87 Ala. 511.

3. It is true that for a mortgagee to purchase at his own sale under a valid mortgage, not being authorized to do so, makes the sale voidable, and not void. It is the transgression of a penal statute that makes this mortgage void; and should the court hold that by properly executing the power of sale in the mortgage the vice in the mortgage would be covered up, still it is universally recognized that for a mortgagee to purchase at his own sale, not being authorized, is not a proper execution of the power.—*Ezzell v. Watson*, 83 Ala. 120; *Norton v. British-American Mortgage Co.*, 113 Ala. 110; *Thomas v. Jones*, 84 Ala. 302.

HEAD, J.—There is nothing in the act entitled, "An act, to give force and effect to section 4 of Article XIV of the constitution of the State of Alabama" (Acts, 1886-87, p. 102), which changes the general rule that contracts prohibited by statute under a penalty, while not enforceable so long as they remain executory, (*Youngblood v. Birmingham Trust Co.*, 95 Ala. 521; *Hawley v. Bibb*, 69 Ala. 52), are not assailable after they have become completely executed by the parties. This rule is one of general recognition in the law. It rests upon the well known principle that the law leaves parties who are *in pari delicto*, in respect of their transactions, where they place themselves. This is a real action under the Code, the plaintiff relying upon a title acquired by mortgage executed by the defendant to a foreign corporation, who took the mortgage in this State without complying with the provisions of said act. The mortgage contained a power of sale and, under it, was foreclosed, the plaintiff, for the use of the mortgagee, becoming the purchaser at the foreclosure sale and receiving the deed of the mortgagee in due form. All this occurred before the institution of the present action. Under the influence of *Sherwood v. Alvis*, 83 Ala. 115, and the line of cases following that decision, cited on the brief of appellant's counsel, the mortgage thus became a completely executed conveyance, and must be treated, for the purposes of this case, as though it had been an absolute, uncon-

ditional deed from its inception.—*Richardson v. Stephens*, 114 Ala. 238 ; *Shahan v. Tethero*, 114 Ala. 404.

It is wholly immaterial that the mortgagee became, by and through the plaintiff, the purchaser at the foreclosure sale, whereby the sale was voidable at the election of the mortgagor seasonably expressed. It rested in the discretion of the mortgagor to affirm or disaffirm the sale, and until disaffirmed by him by bill in equity, the foreclosure was as valid and binding as if a stranger had been the purchaser.—*McCall v. Mash*, 89 Ala. 487 ; *Amer. F. L. Mortgage Co. v. Sewell*, 92 Ala. 163.

The legal title to the land only is involved in this action. The right to disaffirm the voidable sale can be asserted only in a court of equity. It cannot be regarded in a court of law. The mortgage having been foreclosed, thereby becoming, under our decisions, a completely executed conveyance, so as to cut off all cause of attack on the ground that the corporation had not complied with the constitution and the act passed to enforce it, in reference to having an agent or agents in this State, etc., the plaintiff in the case was invested with a perfect legal title and was consequently entitled to recover.

The cases of *Craddock v. Amer. F. L. Mortgage Co.*, 88 Ala. 281 and *Gamble v. Caldwell*, 98 Ala. 577, cited as tending to militate against the views above expressed, will, upon examination and proper application, be found to be in harmony with what we have said.

Reversed and remanded.