# Bigbee & Warrior River Packet Co. v. Moore.

### *Action on Account to Recover Dividends.*

1. *Power of a corporation to subscribe for stock; when want of immaterial.*—If a contract of subscription to the capital stock of an incorporated company, made by another incorporated company, is fully executed by the payment in full for the stock taken, and by the certificate of stock issued to the subscribing company, and if the stock with accrued dividends is transferred, it is wholly immaterial in a suit by the transferee to recover the dividends that the subscribing corporation was without corporate power to subscribe for the stock.

2. *Dividends and earnings; true meaning of how ascertained.* While by "dividends" is ordinarily intended dividends declared, earnings set apart by a corporation for payments to its stockholders, and while by "earnings" of a corporation is ordinarily meant earnings declared as dividends, yet a corporation in the making of contracts and by-laws may give to these terms a different meaning; and their true meaning in any particular instance is to be gathered from the by-laws interpreted in the light of surrounding circumstances and the end sought to be subserved.

3. *Dividends; forfeiture of determined by the by-laws of the company.*—The provisions of the by-laws of an association of boat owners which provide that, "should any boat be lost or become permanently unfit for the company's business, the dividends upon the shares of the capital stock of this company then standing in the name of the owners of said boat, or which at any time has been the property of such owners, shall cease from the time such boat is lost, or becomes permanently unfit for business, or until another boat satisfactory to the board has been furnished in the stead of the boat so lost, or until said boat is in proper condition to perform the service for which it is chartered, but the proportion of such dividends earned up to the loss or injury to said boat shall be paid to the owner," are clearly evincive of the intention of the company to forfeit by the provisions of the by-laws so much and only so much of the money forming the

basis of a declaration of dividends as is earned during the default, wholly regardless of the time at which the dividends are declared.

4. *By-laws of an incorporated company, when they impose no duty.*—Provisions in the by-laws of an incorporated company of boat owners that whenever a boat of one of the stockholders became out of repair it might be repaired by the company at the expense of the shareholder were inserted for the benefit of the company to be availed of or not at its election—they impose no duty to repair upon the company.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

Hattie B. Moore sued the appellant for a stock dividend which had been declared by the defendant company. She held certain shares of stock in the company as the transferee of the Alabama Dredging and Jetty company The latter company had taken stock in the Packet company and had transferred its shares to the plaintiff with the dividends theron. The defendant, the Packet company, was an association of boat owners each of whom by the terms of the contract between them was to put and keep in service a boat suitable for the business of the company; and in default of this by loss of his boat or its damage, any member of the company was to forfeit the dividends on the shares of his stock from the time of the loss of his boat to its being replaced. To the complaint the defendant interposed several special pleas; and to some of these, replications were filed. There were demurrers to the pleas and replications. It is not necessary to set out these pleadings in full. The plaintiff set up that the dividends were declared by the Packet Company after the default of the Dredging Company had terminated by the restoration to good condition and its acceptance by the Packet Company of the injured boat; and that unless the dividends had been declared while the default existed they could not be forfeited. She was sustained in this contention by the rulings of the court. The defendant contended that the Dredging company had no legal right or authority to take stock in this company and hence the transferee of such illegal stock could not recover dividends; and further that the dividends for

[Bigbee & Warrior River Packet Co. v. Moore.]

which suit is brought were earned during the default of
the Dredging company. The rulings of the court were
adverse to the defendant on these points. The plaintiff
also set up that the defendant could not complain of
the default of the Dredging company because by its
by-laws it had the right to repair the injured boat at
the expense of the Dredging company. The court sus-
tained the plaintiff in this contention by overruling the
demurrer to the replication in which it was alleged. It
was on these adverse rulings on the pleadings that the
defendant appealed and assigned them as error. Re-
versed.

PILLANS, TORREY & HANAW, for appellant.—1. One
corporation cannot invest in the stock of another cor-
poration without authority given in its charter.—*Com.
F. I. Co. v. Board of Revenue*, 99 Ala. 1; *Lanier Lumber
Company v. Rees*, 103 Ala. 622; *People v. Chicago Gas
Trust*, 130 Ill. 268. (2). All acts done by a corporation
in excess of its powers are not merely voidable, but
void.—*Westing House Mach. Co. v. Wilkinson & Cole*,
79 Ala. 312; *Simmons v. Troy Iron Works*, 92 Ala. 427;
*Chambers v. Faulkner*, 65 Ala. 448. (3). The defense
of the invalidity of the transaction being offensive to
no estoppel known to our system might be set up by the
corporation or the person dealing with it.—*City Coun-
cil of Montgomery v. Plank Road Company*, 31 Ala. 76;
*Grand Lodge v. Waddill*, 65 Ala. 448; *Marion Bank v.
Duncan*, 54 Ala. 471. (4). Where everything is com-
pleted by acts *ultra vires* and resort to the courts is not
required, the courts will not interfere to annul what has
been done; but such contracts never can be made the
basis of action in our court to recover the fruits of them.
—*Morgan & Raynor v. Donovan*, 58 Ala. 241; *Waddill v.
Ala. and Tenn. River R. R. Co.* 35 Ala. 323; *Long v. Geo.
Pac. R. R. Co.*, 91 Ala. 519; *Morris v. Hall*, 41 Ala. 510;
*Dudley v. Collier*, 87 Ala. 431. (5). The facts ad-
mitted in the pleadings showed that the dividends sued
for was wholly earned while his boat was wrongfully out
of condition. Dividends are but distributions of earn-
ings and cannot arrive from any other source.—Cook on
Stockholders, Sec. 539; (1) Morawitz, Secs. 435, 436.

(6). A dividend is naught but the profits made by the company. It is a stockholder's property when earned, but not exigible until declared.—Cook on Stockholders, Secs. 534, 539. 1st Morawitz, Secs. 435-437

GREGGORY L. AND H. T. SMITH, Contra.—1. An unauthorized contract of subscription to the capital stock of a corporation by another corporation is void so long as it remains executory, but if it is fully executed its illegality cannot be set up by either party thereto. To defeat a cause of action that may have resulted therefrom.—Long v. Ga. & Pac. R. R. Co., 91 Ala. 519; Morris v. Hall, 41 Ala. 536; Thompson on Corp., Sec. 6023; Abbot on Corp., Sec. 416.

2. There was no dividend declared during the default of the Dredging company. There can be no such thing as a dividend until it is declared. The earnings of a corporation belong to the corporate body and not to the stockholder.—Gordon v. R., etc., R. R. Co., 22 A. & E. Cases 33; Boardman v. L. & M. S. Rwy. Co., 84 N. Y. 177. (3) The word "dividends" ex vi termini imports distribution of the funds of a corporation among its members pursuant to a vote of its directors.—Williaston v. M. S. & N. J. Ry. Co., 13 Allen, 504; Lockhart v. Van Alstyne, 31 Mich., 76.

McCLELLAN, C. J.—The contract of subscription of the Dredging company to the capital stock of the Bigbee & Warrior River Packet company was fully executed before the institution of this suit; the money subscribed for the stock had been paid to the Packet company and the certificates of shares in the capital stock of that company had been issued to the Dredging company. Therefore, in this action by the assignee of the Dredging company's right, for dividends declared by the Packet company on its stock the fact that the Dredging company was without corporate power to subscribe for the stock of another corporation is wholly immaterial.—Long v. Ga. Pac. Ry. Co., 91 Ala. 519; Morris v. Hall, 41 Ala. 510, 539; Thompson on Corp, § 6023.

We do not construe the by-laws of the Packet company in respect of the forfeiture of earnings or divi-

dends by a stockholder who fails to keep a boat in the service of the company, as they were construed by the city court. To the contrary, we hold that it was the purpose and is the effect of the provisions in the by-laws on this subject to forfeit to the company all moneys *earned* by it and as *earned* by it which, but for the stockholders' dereliction in respect of keeping a boat in the service of the company, would have become payable to him as dividends upon his stock and been paid to him as such. It is doubtless true that by "dividends" is ordinarily intended dividends declared, earnings set apart by a corporation for payment to its stockholders, and that by "earnings" of a corporation is ordinarily meant earnings declared as dividends. But it equally cannot be doubted that the corporation in the making of contracts and the ordination of by-laws may give to these terms a different meaning and employ them to designate money earned and as earned, and may provide in respect of such money that so much of it as is earned during a period of default on the part of the stockholder in any duty he owes the company shall be forfeited to the company and deducted from the dividend declared for or covering such period whether such declaration of dividend be made during the time of such default or afterwards. And whether the Packet company in the by-laws before us has thus provided for the forfeiture of earnings in such case as earnings and as they were earned regardless of the time when the dividend is declared is a question of intention to be gathered from the by-laws interpreted in the light of surrounding circumstances and the ends sought to be subserved. And taking this point of view it is clear, we think, that the money—or so much of it as was earned while the Dredging company was in default—which constituted the dividends declared after the default had ended, on the stock held by said company was by the terms and intent of the by-laws forfeited to the Packet company. As said by appellant's counsel: "It is apparent from the by-laws that the Packet company was an incorporated association of steamboat owners in which each agreed to put a boat into the service of the company as a price and condition of receiving dividends upon his stock, and that it was his duty not only to put in a suitable boat, but to

keep her in suitable condition for service." This being
the general scheme of the organization, nothing is more
natural and reasonable than for the by-laws to declare
that the profits of the business of the association should
be divided among those members who had contributed
to earning them by keeping suitable boats in the service
of the company, and that none of the profits earned by
the association during any period when a member had
no suitable boat in the service should be paid to such
member. And this is provided by section 8 of the by-
laws as follows: "Should any boat be lost or become
permanently unfit for the company's business, the divi-
dends upon the shares of the capital stock of this com-
·pany then standing in the name of the owners of said
boat, or which at any time had been the property of such
owners, shall cease from the time such boat is lost or
becomes permanently unfit for business or until another
boat satisfactory to the board has been furnished in
the stead of the boat so lost, or until said boat is in
proper condition to perform the services for which it is
chartered, but the proportion of such dividend, earned
up to the loss or injury to said boat, shall be paid to such
owner."

It is to be noted that the dividend is to cease from
the instant that a boat is lost or becomes permanently
unfit for service, and is to commence again the moment
another boat satisfactory to the board is furnished for
the service of the company. It is also to be noted that
the *proportion* of such dividend *earned* up to the loss or
injury of a boat shall be paid to the owner. This to our
minds is as clearly evincive of the intention of the Packet
company to forfeit by the provisions of the by-laws so
much and only so much of the money forming the basis
of a declaration of dividends as is earned during the
default, wholly regardless of the time of declaration
made, as can be conceived; and we are constrained to the
conclusion that it was the intent of the by-laws bearing
on this matter and is their just operation to apportion
any dividend declared over the period covered by the
declaration and to withhold from a boat owning stock-
holder such part thereof as is thus apportioned to the
time within the dividend period during which he may

have failed to keep a suitable boat in the service of the company, and this whether the dividend is declared during or after the period of such default.

It is further clear, we think, that the provisions in these by-laws with reference to boats of stockholders being repaired, etc., by the Packet company were inserted for the benefit of that company. to be availed of or not at its election, and that they impose no duty to repair, etc., upon said company.

The rulings of the city court upon the pleadings are not in harmony with the foregoing views; and its judgment must, therefore, be reversed. The cause is remanded. ·

. Reversed and remanded.